*W. P. Chavous,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for the State.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed. See George Driggers v. State, this day decided.

All concur.

---

THE BRIGHT-BROOKS LUMBER COMPANY, INC., A CORPORATION DOING BUSINESS IN THE STATE OF FLORIDA, *Plaintiff in Error,* v. R. H. EVANS, *Defendant in Error.*

Division A.

Opinion Filed October 12, 1925.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

*George M. Powell,* for Plaintiff in Error;

*W. B. Davis,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the

judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur.

---

THE STATE OF FLORIDA *ex rel.* J. D. BASKIN AND W. A. DAVIS, *Relators*, v. JOHN U. BIRD, AS COUNTY JUDGE OF PINELLAS COUNTY, FLORIDA, *Respondent*.

Division A.

Opinion Filed October 12, 1925.

1. Before a copartnership is entitled to a license as a real estate broker, "every member * * * of such copartnership * * * who actively participates in the brokerage business of such copartnership * * * shall hold a license as a real estate broker." Sec. 12, Chap. 10233, Acts of 1925.

2. Where an alternative writ of mandamus admits non-compliance with Section 12, Chapter 10233, Acts of 1925, by a co-partnership applying for license as a real estate broker, in that one of the members of such co-partnership "who actively participates in the brokerage business of such co-partnership" does not hold a license as a real estate broker, a demurrer to the writ upon that ground should be sustained.

3. When the provisions of Section 12, Chapter 10233, Acts of 1925, have been complied with by every member of a co-partnership, "who actively participates in the brokerage business of such co-partnership," it is then in position to demand